IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Cathy Cromer and Lisa Glover, | ) | |
| | ) | |
| Plaintiffs, | ) | C/A No. 2:04-1658-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER and OPINION** |
| The Sherwin-Williams Co. and Benjamin Moore & Co., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.     BACKGROUND

This matter is before the court on defendants Sherwin-Williams Co.'s ("SW") and Benjamin Moore & Co.'s ("BM") motions for summary judgment. Both defendants have also filed motions to exclude testimony of plaintiffs' medical experts, Drs. Lieberman and Hughes.

Plaintiffs Cathy Cromer and Lisa Glover are former employees of the United States Postal Service office on Johns Island, South Carolina. Plaintiffs allege they were exposed to paint in the post office during renovations in April - May 2003, causing severe respiratory reactions. This action was filed in May 2004, naming the manufacturers of the products used in the Post Office, defendants SW and BM. Norman L. Kuras, Jr., d/b/a Carolina's Power Wash and Painting ("Kuras") purchased the products from defendants and applied the paint in the post office. BM has filed a third party complaint against Kuras. Plaintiffs advance a products liability claim based on breach of warranty, negligence and strict liability. Generally, plaintiffs contend the paints' warnings were inadequate.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when, after considering the full evidentiary record, there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Evidence should be viewed in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, a "mere scintilla" of evidence will not preclude summary judgment. The court's inquiry is "not whether there is literally no evidence, but whether there is any [evidence] upon which a jury could properly . . . find a verdict for the party" resisting summary judgment. Id. at 251.

## III.    DISCUSSION

Defendants raise several challenges to plaintiffs' failure to warn theory.[1] Generally speaking, the duty to warn extends to the user of the product. See 72A C.J.S. Products Liability: Warnings § 26 (2005) ("the defect is the omission and/or absence of an adequate warning to unsuspecting users with respect to dangers associated with the intended or foreseeable use of the product."); Anderson v. Green Bull, Inc., 322 S.C. 268, 274, 471 S.E.2d 708, 712 (Ct. App. 1996) ("The question here presented is whether Green Bull, knowing the foreseeable use of the ladder, had a duty to warn its users

---

[1] Plaintiffs concede this action is premised on a failure to warn. (Pl. mot. in opp'n, doc. no. 68, at 2.)

2

against the hazard of bringing the ladder into contact with electrical lines, and if so, whether the warning it placed on the ladder was adequate.").[2] Plaintiffs identify themselves as the "ultimate users" of the paint. However, these products are labeled industrial/professional and were purchased and used by painting professionals. Kuras (the contractor) is the user that defendants had to warn.

Plaintiffs' objection is "not with the substance of the warnings themselves but rather with the fact that the warnings were an inadequate means of alerting" these plaintiffs of the dangers of paint application. (Pl.'s mot. in opp'n, doc. no. 68, at 12 - 13.) Plaintiffs contend the warnings were defective because they "never saw, read or heard any warnings," and "the warnings failed to reach" plaintiffs. (Id.) Plaintiffs also assert the warnings "had little or no impact on the Post Office's and [Kuras's] respective behavior" in following the warnings, and that those parties failed to follow the instructions by employing insufficient ventilation methods and failing to take adequate protective, "isolation and draping measures to protect" plaintiffs. (Id. at 13-14.) In sum, plaintiffs conclude the warnings are defective because plaintiffs were not warned individually and the contractor failed to heed the warnings. As such, plaintiffs seek to hold defendants accountable for other parties' actions or inactions.

As noted, plaintiffs challenge the painter's compliance with defendants' warnings, rather than the substance of those warnings. Such warnings are of little value

---

[2] Similarly, one element of a warranty claim in the products liability context is that the manufacturer "failed to exercise reasonable care to inform the user of the dangerous condition or of the facts which make the product likely to be dangerous." Little v. Brown & Williamson Tobacco Corp., No. 2:98-1879, 1999 WL 33291385, *9, n. 7 (D.S.C., March 3, 1999).

3

if manufacturers can be held liable for an applicator's failure to follow them. Defendants' warnings clearly require ventilation and protective measures, and plaintiffs only allege that Kuras failed to follow them or followed them incorrectly. Plaintiffs do not allege that the warning's substance was ambiguous or misleading. Defendants' duty to warn users such as Kuras is distinct from the user's duty to follow the plain meaning of the instructions to protect bystanders. In this factual scenario, defendants should not be held liable for Kuras's acts or omissions.

At the hearing on this motion, plaintiffs suggested the question before the court was whether manufacturers must directly warn bystander parties (in addition to professional purchasers) of the dangers associated with proximity to paint application. Plaintiffs concede there is no case law imposing such a duty. Practical considerations underlie the dearth of support. Plaintiffs' theory is unworkable, as it would require defendants to directly notify everyone who encounters paint purchased and applied by third party professionals. Plaintiffs are not without protection; the law imposes duties upon Kuras to follow the warnings, and upon the employer to monitor workplace safety.

## IV. CONCLUSION

For the reasons stated above, it is therefore **ORDERED** that defendants' motion for summary judgment as to plaintiffs' claims be **GRANTED**. Defendants' motions to exclude plaintiffs' expert witnesses are rendered moot.

**AND IT IS SO ORDERED**.

                                            **DAVID C. NORTON**
                                            **UNITED STATES DISTRICT JUDGE**

**July 7, 2006**
**Charleston, South Carolina**